# Third District Court of Appeal

## State of Florida

Opinion filed August 12, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-1157
Lower Tribunal No. 23-8461-CC-26
_____


**Molly McIntosh,**
Appellant,

vs.

**Donald Wood,**
Appellee.


An Appeal from a non-final order from the County Court for Miami-Dade County, Lissette De La Rosa, Judge.

Counselaw, and Angelo M. Martin, for appellant.

Graham Legal, P.A., and H. Dillon Graham, III, for appellee.


Before FERNANDEZ, LOGUE and GORDO, JJ.

FERNANDEZ, J.

Molly McIntosh appeals the trial court's Non-Final Order Denying Landlord's Motion for Immediate Issuance of an Order Lifting of the Stay of Writ of Possession. In the related case, Wood v. McIntosh, 421 So. 3d 856 (Fla. 3d DCA 2025), this Court affirmed, per curiam, the trial court's Order Granting McIntosh's Motion for Rehearing and Immediate Possession, and the mandate was issued on November 13, 2025. Because the trial court's Stay of Execution and Writ of Possession Pending Appeal was dissolved upon issuance of the mandate in the related case, we dismiss this appeal as moot.

Florida Rule of Appellate Procedure 9.310(e), Stay Pending Review, states, "Duration. A stay entered by a lower tribunal will remain in effect during the pendency of all review proceedings in Florida courts **until a mandate issues**, or unless otherwise modified or vacated." (Emphasis added). See also Murphy v. Murphy, 378 So. 2d 27, 28 n. 2 (Fla. 3d DCA 1979) ("Even if there had been a prior stay, which there was not, it would have terminated when the mandate issued under the express terms of Fla.R.App.P. 9.310(e)."); State v. Miyasato, 805 So. 2d 818, 824 (Fla. 2d DCA 2001) ("In general, the mandate in any case functions to end the jurisdiction of the appellate court and to return full jurisdiction of the case to the trial court. If a stay has been entered under Florida Rule of Appellate

2

Procedure 9.310, the mandate typically causes the stay to end. See rule 9.310(e)."); Robbins v. Pfeiffer, 407 So. 2d 1016, 1017 (Fla. 5th DCA 1981) ("The judgment of an appellate court, when it issues a mandate, is a final judgment in the cause and compliance therewith by the lower court is a purely ministerial act. In the absence of a stay ordered by the appellate court, the issuance of a mandate affirming a judgment entitles the holder of that judgment to a writ of execution as a matter of right." (internal citations omitted)).

"'An issue is moot when the controversy has been so fully resolved that a judicial determination can have no actual effect.['] 'A case is "moot" when it presents no actual controversy or when the issues have ceased to exist.' 'A moot case generally will be dismissed.'" Paul Jacquin & Sons, Inc. v. City of Port St. Lucie, 69 So. 3d 306, 308 (Fla. 4th DCA 2011) (internal citations omitted).

Pursuant to the plain language of Rule 9.310(e), because the trial court's Stay of Execution and Writ of Possession Pending Appeal was dissolved upon issuance of the mandate in the related case, we dismiss this appeal as moot.

Dismissed.